UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMALIA F.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>MICHELLE KING,[2] Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 5:24-cv-01469-JDE<br><br>MEMORANDUM OPINION AND ORDER |

On October 7, 2024, Plaintiff Amalia F. ("Plaintiff") filed a Complaint seeking review of the denial of her application for supplemental security income ("SSI"). The Court has reviewed Plaintiff's opening brief (Dkt. 12), the Commissioner's answering brief (Dkt. 15), and the Administrative Record (Dkt. 11, "AR"). The matter is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Michelle King, Acting Commissioner of the Social Security Administration, is substituted as defendant. See Fed. R. Civ. P. 25(d).

# I.

# BACKGROUND

Plaintiff applied for SSI on May 11, 2021, alleging disability starting on July 1, 2019. See AR 318. Plaintiff's claim was denied initially and on reconsideration. AR 214-26. On September 6, 2023, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, represented by counsel, testified by telephone, as did a Vocational Expert ("VE"). AR 114-36.

On September 26, 2023, the ALJ found Plaintiff was not disabled. AR 95-107. The ALJ determined Plaintiff had not engaged in substantial gainful activities since March 8, 2021, suffered from severe impairments of "hypertension, sleep apnea, obesity, asthma, degenerative disc disease, arthritis, depression, and anxiety," and did not suffer from impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpt. P, App. 1. AR 97-98. The ALJ assessed Plaintiff had the residual functional capacity ("RFC") to perform light work,[3] with the following limitations:

> [She] can occasionally climb kneel, bend, and crawl. She can occasionally walk on uneven and work at heights. [She] can frequently reach with the left upper extremity, including overhead reaching. She must avoid concentrated exposure to pulmonary irritants and extremes in temperature. [She] is limited to non-public, simple, routine and repetitive tasks, doing jobs that do not require teamwork, and require only incidental interaction with coworkers.

---

[3] "Light work" is defined as: "[L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. 20 C.F.R. §§ 404.1567(b), 416.967(b); see also Aide R. v. Saul, 2020 WL 7773896, *2 n.6 (C.D. Cal. Dec. 30, 2020).

AR 100. The ALJ concluded Plaintiff could not perform her past relevant work. AR 105-06. Finally, considering Plaintiff's limited education, closely approaching advanced age, work experience, and RFC, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform, including, Marking Clerk (Dictionary of Occupation Titles ["DOT"] 209.587-034), Order Filler (DOT 529.687-010), and Mail Clerk (DOT 209.687-026), meaning she was not disabled under the Social Security Act. AR 106-07.

On June 6, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. AR 1-7. This action followed.

## II.
## LEGAL STANDARDS

**A.   Standard of Review**

Under 42 U.S.C. § 405(g), this Court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. See Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To assess whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court]

must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021). Lastly, if an ALJ errs, the decision will be affirmed if the error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted); Smith, 14 F.4th at 1111 (even where the "modest burden" of the substantial evidence standard is not met, "we will not reverse an ALJ's decision where the error was harmless").

**B.     The Five-Step Sequential Evaluation**

When a claim reaches an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th Cir. 2020); Molina, 674 F.3d at 1110.

First, the ALJ considers if the claimant works at a job constituting "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to assess whether the claimant's impairments render the claimant disabled because they meet or equal any of the listed impairments in the Social Security Regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the impairments do not meet or equal a listed impairment, before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite limitations from impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).

After assessing the RFC, the ALJ proceeds to the fourth step to determine if, in light of the claimant's RFC, the claimant can perform past relevant work as actually or generally performed. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); 20 C.F.R. § 416.966(a). A claimant who can do other work is not disabled; a claimant who cannot do other work and meets the duration requirement is disabled. See Tackett, 180 F.3d at 1099; see also Woods v. Kijakazi, 32 F.4th 785, 788 n.1 (9th Cir. 2022) (summarizing the steps and noting that "[t]he [2017] changes to the Social Security regulations did not affect the familiar 'five-step sequential evaluation process.'").

The claimant generally bears the burden at Steps One through Four to show either disability or the requirements to proceed to the next step and bears the ultimate burden to show disability. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a limited burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

Plaintiff raises a single issue: Did the ALJ properly evaluate the medical opinion evidence? Dkt. 12 at 3, 5. Plaintiff argues that despite finding Dr. Bhavsar's opinion persuasive, the ALJ did not include limitations related to supervision or responding to changes and pressure in a usual work setting,

thereby implicitly discrediting Dr. Bhavsar's opinion without providing a proper analysis. See Woods, 32 F.4th at 792 (holding "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

Dr. Bhavsar found Plaintiff had moderate limitations in: ability to follow detailed instructions; ability to interact appropriately with the public, co-workers, and supervisors; ability to respond to changes in a routine work setting; ability to respond to work pressure in a usual work setting. AR 103, 105 (citing AR 925). The ALJ found the opinion persuasive. AR 105. Overall, the ALJ concluded Plaintiff had a moderate limitation for "interacting with others," citing Plaintiff's hearing testimony that she experienced panic attacks lasting 30 to 40 minutes up to three days per week (AR 126-27); her statements to Dr. Bhavsar that she "gets overwhelmed, nervous, and has panic attacks when around a crowd of people" (AR 924-25); and her function report (AR 428). The RFC limited Plaintiff to "non-public, simple, routine and repetitive tasks, doing jobs that do not require teamwork, and require only incidental interaction with coworkers." AR 99-100.

An ALJ need not recite or incorporate medical opinions verbatim in the RFC. Rounds, 807 F.3d at 1006. An RFC limited to "simple, routine, repetitive sedentary work," adequately incorporates limitations related to pace, attention, concentration, and adaptation. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1171, 1173-76 (9th Cir. 2008). Nonetheless, even when an RFC otherwise captures "mental function generally," it must account for "specific concrete work restrictions" from credited medical opinions. George S. v. Kijakazi, 2022 WL 479906, at *3 (C.D. Cal. Feb. 16, 2022); see also Israel v. Astrue, 494 F. App'x 794, 797 (9th Cir. 2012) (finding an RFC incorporating general limitations "related to concentration, persistence, or pace" should also have incorporated a concrete limitation of "off task for ten percent of the work

day"); Christopher G. v. Saul, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (finding an RFC limited to "simple, routine tasks with limited public and co-worker interaction" did not sufficiently address an opinion of "moderate limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances").

Plaintiff argues the RFC does not incorporate Dr. Bhavsar's credited opinion that Plaintiff was moderately limited in her ability to interact with the public, co-workers, and supervisors. Dkt. 12 at 5. She argues that a limitation on interaction with co-workers and the public does not account for Dr. Bhavsar's additional limitation on interaction with supervisors. Id. at 5-6.

The regulations refer to co-workers and supervisors separately in discussing interaction limitations. See 20 C.F.R. § 416.945(c) ("A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work." (emphasis added)). The regulations should be interpreted to avoid surplusage. See Rhein v. Astrue, 2010 WL 4877796, at *8 (E.D. Cal. Nov. 23, 2010). Supervisors are a distinct group in the context of work interactions. See Chanel T. v. Kijakazi, 2022 WL 4647256, at *5 (C.D. Cal. Sept. 30, 2022) ("[T]there is a distinction between interactions with supervisors, coworkers, and the public."); Harrell v. Kijakazi, 2021 WL 4429416, at *7 (E.D. Cal. Sept. 27, 2021) (referring to "the abilities to respond appropriately to 'supervision' and to get along with 'coworkers'" as two distinct "aspects" of the requirements of unskilled work).

The ALJ did not account for the moderate limitation in interacting with supervisors in assessing the RFC. It is true, as the Commissioner argues, that limitations to simple, repetitive, and routine work accommodates a variety of moderate findings, and it is also true that a limitation on interactions with

people generally covers all people. See, e.g., Kim D. W. v. Saul, 2020 WL 868605, at *3 (C.D. Cal. Feb. 20, 2020) (collecting cases, noting "[c]ourts have concluded that restricting a claimant to working 'primarily with things, rather than people' fairly accounts for a moderate limitation in interacting with coworkers and supervisors"). But the "persuasive" medical opinion here called for a limitation on interactions with supervisors. The RFC referred only to limitations on contact with the public and co-workers. By excluding supervisors, the ALJ failed to properly account for that portion of the credited medical opinion. See, e.g., George S., 2022 WL 479906, at *3; Jennifer E. C. v. Kijakazi, 2021 WL 9563345, at *7 (C.D. Cal. Nov. 23, 2021) ("[A]lthough the ALJ also found that the medical evidence supported a finding of moderate difficulties in maintaining concentration, persistence, or pace, he failed to incorporate into the RFC the moderate difficulties specifically identified."); Dennis v. Colvin, 2015 WL 3867506, at *8 (D. Or. June 20, 2015) ("When the ALJ credits the opinion of a medical source which includes the limitation on the ability to interact appropriately with supervisors, the omission of this specific, concrete limitation in the RFC is error because it is a limitation not requiring 'capturing' or 'translation' and limitations on interactions with the public or coworkers do not address the separate dynamic created by the supervisory relationship.").

      The Commissioner asks the Court to find that the "repetitive work" of one of the representative occupations identified by the ALJ "reduces the need for active or intensive supervision" as do other limitations in the RFC. Dkt. 15 at 5-6. The Court declines the invitation to make factual finding on this review, impose its own interpretation of the supervisory contact involved in the representative occupations, or speculate on the impact on supervision created by the other limitations in the RFC. On remand, the ALJ can makes such assessments, if warranted, perhaps with the assistance of the VE.

The ALJ erred in not including a limitation in the RFC on interaction with supervisors when a "persuasive" medical opinion found moderate limitation in such interactions. The Court cannot say the error is harmless. See Brown-Hunter, 806 F.3d at 492 ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless."). Having so found, the Court does not reach Plaintiff's alternative claim for error, that the ALJ improperly failed to incorporate into the RFC Dr. Bhavsar's finding that Plaintiff was moderately limited in the ability to respond to changes and pressures in a routine work setting. Remand and further administrative proceedings as to the first issue may further develop the record further as to the second issue.

The Court may remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When further proceedings would serve no useful purpose or when the record has been fully developed, a court may direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). Remand for further proceedings is appropriate when "outstanding issues must be resolved before a proper [disability] determination can be made" and it is not clear from the record that the claimant is disabled. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, remand for further proceedings is warranted to, at a minimum, assess Plaintiff's limitations, if any, in interacting with supervisors. On this record it is not clear whether Plaintiff is disabled. See Bunnell, 336 F.3d at 1115–16. As such, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495; Bunnell, 336 F.3d at 1115-16. Accordingly, on remand, the ALJ should reassess Plaintiff's limitations consistent with this order, conduct whatever further administrative proceedings are warranted, and proceed

through the remaining steps of the disability analysis to determine whether Plaintiff is disabled.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: January 31, 2025

_____
JOHN D. EARLY
United States Magistrate Judge